```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

***************************************************************
HARRY DORSEY, ET AL.,

          Plaintiffs,

                    Civil Action No. 18-6603 c/w 18-7284
VS.                 Section "I"
                    New Orleans, Louisiana
                    December 6, 2018

COURTNEY JAMAIR, ET AL.,

          Defendants.
***************************************************************

              TRANSCRIPT OF MOTION HEARING
         HEARD BEFORE THE HONORABLE MICHAEL NORTH
              UNITED STATES MAGISTRATE JUDGE



APPEARANCES:

FOR THE PLAINTIFFS:          Jason M. Baer
                             Casey Czajka DeReus
                             Baer Law, LLC
                             3000 Kingman Street
                             Suite 200
                             Metairie, LA 70006

                             Vanessa Motta
                             Motta Law Firm, LLC
                             855 Baronne Street
                             2nd floor
                             New Orleans, LA 70113

                             Roderick Alvendia
                             Alvendia, Kelly, & Demarest, LLC
                             909 Poydras Street
                             Suite 1625
                             New Orleans, LA 70112
```

———OFFICIAL TRANSCRIPT———

```
FOR THE DEFENDANTS:          Ralph J. Aucoin, Jr.
                             Perrier & Lacoste, LLC
                             365 Canal Street
                             Suite 2550
                             New Orleans, LA 70130


Official Court Reporter:     Nichelle N. Wheeler, RPR, CRR
                             500 Poydras Street, B-275
                             New Orleans, Louisiana 70130
                             (504) 589-7775
```

Proceedings recorded by mechanical stenography, transcript produced via computer.

**P R O C E E D I N G S**

(Call to order of the court.)

THE DEPUTY CLERK: Civil Action 18-6603 consolidated with 18-7284, *Harry Dorsey, et al., versus Courtney Jamier, et al.*

Counsel, could you please make appearances for the record.

MR. BAER: Jason Baer on behalf of Mr. Dorsey and Ms. Dickson.

MR. ALVENDIA: Good afternoon, Your Honor, Rico Alvendia on behalf of Zounda Lee --

THE COURT: All right. Good afternoon.

MS. MOTTO: Vanessa Motto, I'm here on behalf of Ms. Zounda Lee.

MS. DEREUS: Casey DeReus on behalf of Mr. Dorsey and Ms. Dickson.

MR. AUCOIN: Good afternoon, Your Honor. Ralph Aucoin on behalf of Werner Enterprises, Incorporated.

THE COURT: All right. So you all are back.

MR. BAER: New case though.

THE COURT: I know. Different case. I saw Mr. Aucoin sitting in the back of the courtroom last time.

Anyway, obviously, there are a number of cases that some of the lawyers in this case believe are related to each other.

**1**       Sp the first thing I wanted to point out is I think

**2**  that the argument -- the arguments about pleading fraud

**3**  before getting access to discovery I don't really think are

**4**  germane to what's going on in this case, because what's

**5**  happened in this case is the defendant's claim that they have

**6**  discovered evidence of fraud in the discovery of the

**7**  underlying case.  So I think you got a completely different

**8**  set of circumstances.

**9**       The *Williams* case, for instance, is about having to

**10** plead fraud with particularity in domain before you get to do

**11** any discovery.  That is what that case is about.  That's not

**12** this case.

**13**      This case you got a motor vehicle accident.  The

**14** defendant started to conduct discovery and in the course of

**15** that undertaking discovered facts that they believe allow

**16** them to make a case for fraud.  It's two different issues.

**17** We're not talking about whether somebody gets to begin

**18** discovery.  We're talking about whether they get to make the

**19** claim in the first place.  So I don't think that that is an

**20** issue here.

**21**      I think that there's ample authority for the idea

**22** that you can -- that you can plead a case of fraud or any

**23** number of additional causes of action if you discover the

**24** facts to support that cause of action during discovery in a

**25** case that's already being -- when the discovery is already

1 being conducted.  So I don't think that that is an issue
2 here.
3         I have -- I have looked very closely at the pleadings
4 that are before me.  I've also looked very closely at both
5 versions of the proposed counterclaim and third-party claim.
6 I think the question, as you all have correctly noted, is it
7 does -- does this complaint sufficiently plead the who, what,
8 when, and where of the fraud claim that they're trying to
9 make against these various entities -- individuals.
10        And I have gone through this amended -- supplemental
11 and amending counterclaim and third-party claim, and I've
12 come to the conclusion that I think that they have met their
13 burden and I'm going to tell you why.  And, obviously, I'm
14 going to give you an opportunity to address what I think are
15 going to be my conclusions.
16        I think that the who has been pleaded because each
17 plaintiff has been identified and named, their relationship
18 to each other or to others in similar accidents has been
19 alleged.  The additional nexus of additional -- of identical
20 counsel has been pleaded.  I'm not even sure if that's
21 important, but that is an additional nexus between these
22 various plaintiffs or I should say defendants in counterclaim
23 and the plaintiffs in this case and the plaintiffs in other
24 cases that have been identified in the complaint.
25        The defendant has pleaded that either no accident

1  took place or that if there was an accident it was initiated
2  by the plaintiffs in this case.  They've alleged that the
3  factual scenarios of each accident that they've identified
4  are similar, in particular they've alleged a particular
5  similarity that the drivers in the related accidents -- that
6  the truck drivers had been waved over by an unknown third
7  driver to inform them that they had been in an accident.  The
8  location has been identified as the I-10/610 corridor in New
9  Orleans.  I think a temporal connection between each of the
10 defendants in counterclaims accidents have been pleaded.  And
11 in paragraph 20 is the paragraph where I think essentially
12 it's tied together.
13        The defendants have pled a conspiracy among the
14 defendants in counterclaim and the additional defendant that
15 is not a -- the additional plaintiff who is not a plaintiff
16 in this case but was in this accident, and I think they've
17 done so in sufficient detail to satisfy Rule 9.
18        I have looked very closely at this pleading to try to
19 determine what's missing, and the thing that I come to is,
20 clearly, the claims that are being alleged are based on
21 circumstantial evidence.  There is no direct evidence that I
22 can see to establish these particular claims, but fraud can
23 be proven by circumstantial evidence.  And I think that -- I
24 think that they have pleaded with sufficient particularity a
25 plausible claim for fraud based on circumstantial evidence.

1  That's kind of where I come down.

2  I clearly understand why your clients are -- take

3  exception to the allegations.  I understand that my job is to

4  try to look at this as objectively as possible to determine

5  whether I think there are sufficiently particularized

6  allegations that make out a fraud case, a delictual fraud

7  case based on circumstantial evidence and I think that that

8  is present in this pleading.

9  MR. BAER:  Your Honor, thank you, Jason Bare on

10 behalf of Harry Dorsey and Lesdreaka Dickson.

11 Your Honor, we intend to file a motion to dismiss.

12 The pleading will come in.  We will again reurge our motion

13 to dismiss.  We respect the Court's opinion.

14 You know, Judge, one of the things I wanted to point

15 out is, we ran a calls for service report on this I-10/610

16 corridor.  We used the three years that the defendants used.

17 This is their common defense.  Thirty-three cases in the

18 Eastern District Perrier Lacoste has filed fraud claims

19 against people involving side-swipe collisions on the

20 I-10/610 corridor.

21 THE COURT:  How many?

22 MR. BAER:  33.

23 MS. MOTTA:  33.  And that's not including anything

24 with another law firm.

25 (Phone ringing.)

```
 1            MR. BAER:  33.  So this is a standard
 2   boilerplate thing that they pulled.  They took out --
 3            THE COURT:  I have seen some of them.  I'm aware of
 4   it.  I'm aware of everything that's going on, and I'm trying
 5   to take it case by case and pleading by pleading.
 6            MR. BAER:  Right.  And we're talking about
 7   circumstantial evidence though, Judge.  And there were 2,050
 8   motor vehicle collisions on I-10 Eastbound and Westbound
 9   between Franklin Avenue and Little Woods exit.  Surprisingly,
10   the New Orleans Police Department actually prepared a diagram
11   as to where these accidents occur and I'll submit that to
12   Mr. Aucoin now.
13            The interesting part about this case is, this case
14   involves two vehicles.  I think there are misrepresentations
15   in the pleading that we will address.  Number one, the
16   investigating officer did find damage on both -- both
17   plaintiff vehicles and on the trailer and on the trailer --
18            THE COURT:  There was a statement that there was no
19   damage to the trailer, but I don't think the defendant stated
20   that there was no damage to either of the vehicles.
21            MR. BAER:  Well, they're saying the impact didn't
22   happen, Judge.  They said it didn't happen --
23            THE COURT:  Those two things are not necessarily
24   exclusive.  I mean, the damage to the vehicle is going to
25   happen the day before, a week before, a year before.
```

**1**     MR. BAER:  And you haven't seen the body cam footage,
**2** so it's not fair for --
**3**     THE COURT:  No, I haven't.
**4**     MR. BAER:  But the body cam footage establishes this.
**5**     THE COURT:  I'm dealing with allegations in a
**6** complaint and issues of futility and Rule 9.  That's all I'm
**7** dealing with.
**8**     MR. BAER:  And I understand that, Judge.  But the big
**9** thing in this case is that we asked the defendants numerous
**10** times, this is not our first dance when it comes to these
**11** fraud allegations, we have made it abundantly clear there is
**12** not an attorney sitting at this table that wants to
**13** perpetuate or be involved in the prosecution of any claim
**14** that could potentially involve fraud.  I have requested that
**15** if they have actual knowledge that a fraud was committed by
**16** any of the plaintiffs, Mr. Dorsey, Ms. Dickson, Zounda Lee,
**17** Tasha Green, Eric Lewis, or Michael Ruffin, that they submit
**18** that to us and all four of the attorneys at this table will
**19** withdraw immediately.  We don't get any help from the
**20** defense.  Nothing.  At some point, they're going to have to
**21** come forward --
**22**     THE COURT:  Let me say this:  I agree with you, and
**23** at some point, they're going to have to come forward with it.
**24** And in cases that are pending in this court, that point is
**25** going to come as quickly as possible.  Now, I can't force

OFFICIAL TRANSCRIPT

1  them to turn things over in terms of initial disclosures and
2  discovery if y'all are going to file 12(b)(6) motions.  I
3  mean, you got to file an answer before we can do anything or
4  before I can expedite the production of that information.
5  I'm as interested in the exchange of that information as you
6  are.
7              MR. BAER:  And I appreciate that, Judge, and we'll
8  file those motions -- we're going to reurge and file another
9  motion to dismiss this pleading, and if this pleading does
10  survive that, then we will enter discovery.  But until that
11  point, we have no --
12              THE COURT:  We'll see what happens.  And, frankly, I
13  think we're going to get to that point anyway because even if
14  they don't have a claim, they're going to have a defense.
15  And this is -- I mean, I'm imagining -- I haven't looked, but
16  I'm assuming if the -- if they've pleaded a claim for fraud,
17  they've pleaded the defense, affirmative defense of fraud.
18  So even if the claim doesn't survive, I'm assuming we're
19  still going to have to deal with this issue, and if that's
20  the case, again, I'm going to say I want this information to
21  be provided as quickly as possible.  This has gone on in a
22  lot of cases, and they're all over the courthouse.  I got a
23  bunch of them, and it's time for the information to start
24  being exchanged.
25              MR. BAER:  I agree.

1  THE COURT: And as soon as I can make that happen, Im
2  going to.
3  MR. BAER: Thank you, Judge. That's all we ask.
4  MR. ALVENDIA: Your Honor, may I say something?
5  THE COURT: Sure.
6  MR. ALVENDIA: Rico Alvendia again. I'm not -- we're
7  separate firms. Separate accidents. And, I mean, same
8  accident, separate cars.
9  Just for the record, look, my client doesn't even --
10 we've asked several times. My client does not know their
11 client.
12 THE COURT: No, but it's been alleged that your
13 client knows other individuals in similar accidents in the
14 same circumstances, not that they necessarily know each
15 other.
16 MR. ALVENDIA: Let me say this, Judge: One of the
17 questions I asked were let's find out how many accidents have
18 happened in that stretch of road. It's been over 2,000
19 accidents over the past couple of years. I'm sure a lot of
20 those people know each other.
21 I took a deposition of a police officer the other day
22 of an accident that occurred on St. Charles Avenue, and I
23 asked her, how many accidents happen in this area. She said
24 hundreds. It's a high traffic area. And we start looking at
25 that -- and I understand you're the gate keeper. If we start

OFFICIAL TRANSCRIPT

```
 1   looking at that, how many of those people know each other
 2   from the Uptown area who drove --
 3            THE COURT:  I get all that.  But we're also talking
 4   about people who are related to each other.  You know, I
 5   don't know -- I'm not interested in getting to the bottom of
 6   any of this.  I'm trying to get the case postured correctly
 7   so that you all can get to the bottom of it.
 8            MR. AUCOIN:  Thank you, Judge.
 9            THE COURT:  And I'm going to -- I mean, I'll tell
10   Mr. Aucoin, I'm going to expect that the earliest possible
11   moment that whatever evidence you all have is going to be --
12   is going to be shared with the plaintiffs.  I'm not saying
13   you have to do it now because the rules don't require you to
14   do it now, but at some point -- and, in fact, you certainly
15   can do it.  You don't have to, and I'm not going to order you
16   to do it now, but I know that you all have been asking --
17            MR. BAER:  We have written discovery, Judge.
18            MR. ALVENDIA:  Judge, look, I've been doing this for
19   20 years.  If there's any evidence they want to share with me
20   -- this is the first time I've been involved in some
21   allegations like this.  Show it to me and I'll withdraw, you
22   know, but I haven't seen anything.  All I keep seeing is,
23   well, this guy lives down the street from this guy, he's
24   cousins with this guy in New Orleans East.  It's a small
25   town, Judge.  You go to Waggaman, you go to Kenner, you go to
```

OFFICIAL TRANSCRIPT

```
 1   Metairie, you see a lot of people who know each other and are
 2   related.
 3           THE COURT:  I hear you.  Okay?  There's enough that
 4   has been pleaded to at least survive this motion.
 5           MR. ALVENDIA:  Thank you, Judge.
 6           THE COURT:  Thank you all.
 7                            * * * *
 8          (WHEREUPON, the proceedings were adjourned.)
 9                            * * * *
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

OFFICIAL TRANSCRIPT

```
 1                    REPORTER'S CERTIFICATE

 2           I, Nichelle N. Wheeler, RPR, CRR, Official Court
     Reporter, United States District Court, Eastern District of
 3   Louisiana, do hereby certify that the foregoing is a true and
     correct transcript, to the best of my ability and
 4   understanding, from the record of the proceedings in the
     above-entitled and numbered matter.
 5

 6                            /s/ Nichelle N. Wheeler
                              Official Court Reporter
 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

———————————————————OFFICIAL TRANSCRIPT———